UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COLLIN AUTRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT JONES, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-00554-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND DENYING HIS MOTION TO APPOINT COUNSEL<br><br>ECF Nos. 8 & 10<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Jonathan Collin Autry is a county inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Before the court screened his original complaint, plaintiff filed a motion to amend it.[1] ECF No. 10. The Federal Rules of Civil Procedure permit plaintiff to amend his complaint as a matter of course before service of a responsive pleading. *See* Fed. R. Civ. P. 15(a). Accordingly, his motion to amend is granted. Plaintiff shall file an amended complaint within thirty days of the date of this order.

---

[1] Plaintiff also requests the court's assistance with conducting discovery. This request is premature, since plaintiff has yet to file his amended complaint. If the court finds that the amended complaint states a viable claim and defendants are served, the court will issue a discovery and scheduling order. Plaintiff may then serve defense counsel with requests for discovery pursuant to Federal Rules of Civil Procedure 26-37 and 45. If plaintiff is unable to obtain necessary discovery from defendants, he may then file an appropriate motion asking for the court's assistance.

1

Plaintiff has also moved for the appointment of counsel. ECF No. 8. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Having considered these factors, the court does find not that there are exceptional circumstances warranting appointment of counsel. Plaintiff's motion is therefore denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to amend the complaint, ECF No. 10, is granted.

2. Plaintiff shall file an amended complaint within thirty days of the date of this order. He is advised that his amended complaint will supersede his original complaint.

3. Plaintiff's motion for appointment of counsel, ECF No. 8, is denied without prejudice.

IT IS SO ORDERED.

Dated:   June 10, 2022                          _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE