UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COLLIN AUTRY, | Case No.  2:22-cv-00554-TLN-JDP (PC) |
| Plaintiff, | ORDER: |
| v. | (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND HIS MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT |
| SCOTT R. JONES, *et al.*, | |
| Defendants. | |
| | ECF Nos. 5 & 16 |
| | (2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| | ECF No. 18 |
| | SCREENING ORDER THAT PLAINTIFF: |
| | (1) STAND BY HIS AMENDED COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL; |
| | (2) FILE AN AMENDED COMPLAINT |
| | ECF No. 17 |
| | THIRTY-DAY DEADLINE |

1

Plaintiff, who is confined at the Sacramento County Jail, brings numerous unrelated claims in a lengthy and difficult-to-understand complaint that cannot proceed past screening. He may file an amended complaint that contains only related claims and sets forth its allegations in a cogent manner. I will also grant plaintiff's latest application to proceed *in forma pauperis*, ECF No. 5, and his motion for extension of time to file an amended complaint, ECF No. 16.[1] I will deny his request for appointment of counsel. ECF No. 18.

**Screening Order**

**I.  Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1] Plaintiff's amended complaint, ECF No. 17, is timely.

would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As noted above, plaintiff's complaint contains multiple separate and unrelated claims. For instance, he alleges that, in November 2022, defendant Le violated his rights by finding him guilty of a disciplinary violation without sufficient process. ECF No. 17 at 5. Separately, he alleges that in June 2022, unnamed Sacramento County Sheriff's Deputies destroyed his property during a search of his cell and used excessive force against him during a strip search of his person. *Id.* at 10. In another claim, plaintiff alleges that he was attacked by another inmate in January 2022 and, despite being innocent of any wrongdoing, was punitively rehoused. *Id.* at 16. The forty-four-page complaint also contains other claims that bear no apparent relation to the aforementioned claims. Claims against multiple defendants can only proceed if they are based on the same "series of transactions or occurrences" and common questions of law. Fed. R. Civ. P. 20(a)(2). Plaintiff's claims are not based on the same transactions or occurrences.

On a more basic level, the complaint is hard to understand insofar as the handwriting is faded in parts, see ECF No. 17 at 13-14, and not separated into paragraphs or subsections. Additionally, many of the named defendants receive, as best I can tell, no explicit mention in the body of the complaint. Plaintiff may remedy these deficiencies in any amended complaint he chooses to file.

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second

3

Amended Complaint" and refer to the appropriate case number.

**Motion to Appoint Counsel**

I will also deny plaintiff's motion to appoint counsel. He does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Further, plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motion to appoint counsel, ECF No. 18, is denied without prejudice.

I may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, and his motion for extension of time, ECF No. 16, are GRANTED.

2. Plaintiff's motion for appointment of counsel, ECF No. 18, is DENIED without prejudice.

3. Within thirty days from the service of this order, plaintiff must file an amended complaint that contains only related claims.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __February 22, 2023__     _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE