1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN COLLIN AUTRY,                    Case No.  2:22-cv-00554-TLN-JDP (PC)

12                  Plaintiff,                 **ORDER**

13          v.                                 FINDING THAT THE SECOND
                                               AMENDED COMPLAINT STATES
14   SACRAMENTO COUNTY, *et al.*,              VIABLE FOURTEENTH AMENDMENT
                                               CLAIMS AGAINST DEFENDANTS
15                  Defendants.                SACRAMENTO COUNTY, BABU, KIM,
                                               AND ABDULLA
16
                                               DENYING PLAINTIFF'S MOTION FOR
17                                             WEEKLY LAW LIBRARY ACCESS

18                                             ECF Nos. 32 & 39

19                                             **FINDINGS AND RECOMMENDATIONS**

20                                             THAT ALL OTHER CLAIMS AND
                                               DEFENDANTS BE DISMISSED
21
                                               ECF No. 32
22
                                               OBJECTIONS DUE WITHIN FOURTEEN
23                                             DAYS

24
           Plaintiff, a state prisoner, brings this § 1983 case and alleges that, during his time at the
25
     Sacramento County Jail, defendants violated his rights by denying him adequate medical care and
26
     failing to comply with the Americans with Disabilities Act ("ADA").  I find that plaintiff has
27
     stated Fourteenth Amendment failure-to-provide-adequate-medical-care and ADA claims against
28

                                                   1

1   defendants Babu, Kim, Abdulla, and Sacramento County.  I also find, however, that plaintiff's

2   claims against defendant Susan are insufficiently related to his other claims, and should be

3   dismissed so that plaintiff may, if he so chooses, bring them in a separate action.

**Screening Order**

### I.      Screening and Pleading Requirements

6          A federal court must screen the complaint of any claimant seeking permission to proceed

7   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

8   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

9   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

10  relief.  *Id.*

11         A complaint must contain a short and plain statement that plaintiff is entitled to relief,

12  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

13  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

14  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

15  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

16  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

17  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

18  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

19  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

20  n.2 (9th Cir. 2006) (en banc) (citations omitted).

21         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

22  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

23  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

24  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

25  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

26  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

27  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

28

1      **II.      Analysis**

2           Plaintiff alleges that he has had unspecified partial amputations to his right foot and that,

3      during his time at the Sacramento County Jail, defendants failed to provide him with appropriate

4      foot ware, prosthetics, and ADA accommodations.  ECF No. 34 at 5.  He attributes these failings

5      to policies and procedures of the county, *id.*, and the specific actions—or, in some cases,

6      inactions—of defendants Babu, Kim, and Abdulla, *id.* at 6-7, 11.  These allegations are, for

7      screening purposes, cognizable.

8           By contrast, plaintiff's allegations against defendant Susan, a nurse, appear unrelated to

9      his amputation (and attendant health issues).  He claims that Susan told other inmates he was

10     taking psychiatric medication and accused him of being a "master manipulator."  *Id.* at 8.  He also

11     alleges that, in November 2022, he suffered a "psychosomatic attack" and a "paralysis lock up"

12     that Susan ignored.  *Id.* at 9.  These allegations appear distinct from his ADA and other medical

13     claims concerning his foot.  Accordingly, they should be brought, if at all, in a separate action.

14     *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)); *see also*

15     Federal Rule of Civil Procedure Rule 21 (providing that a court may add or drop parties "at any

16     stage of the action and on such terms as are just").  It does not appear that plaintiff would be

17     prejudiced if he were required to bring these claims in a separate suit insofar as it appears his

18     claims would still be timely if they were brought anew today.  *See* Cal. Civ. Proc. Code §§ 335.1,

19     352.1(a) (two-year statute of limitations for personal injury claims and a two-year tolling period

20     due to incarceration).

21          Finally, I will deny plaintiff's motion for weekly access to the North Kern State Prison

22     law library.  ECF No. 39.  The level of law library access at this facility is not at issue in this suit,

23     and I decline to issue orders impacting the operations of that prison.  Plaintiff may, however,

24     show this order to the relevant officials at the prison as evidence that he is litigating a case in

25     federal court, and remind them of his constitutional right to access the courts.

26          Accordingly, it is ORDERED that:

27          1.  This action shall proceed based on the Fourteenth Amendment inadequate medical care

28     and ADA claims against defendants Sacramento County, Babu, Kim, and Abdulla.

1    2.   The Clerk of court shall send plaintiff four USM-285 forms, a summons, a Notice of

2   Submission of Documents form, an instruction sheet, and a copy of the second amended

3   complaint filed December 11, 2023, ECF No. 32.

4    3.   Within thirty days from the date of this order, plaintiff shall complete the attached

5   Notice of Submission of Documents and submit the completed Notice to the court with the

6   following documents:

7        a.      one completed summons for the defendants;

8        b.      four completed USM-285 forms; and

9        c.      five copies of the signed December 11, 2023 complaint.

10   4.  Plaintiff need not attempt service on defendants and need not request waiver of service.

11   Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to

12   serve the above defendants pursuant to Federal Rule of Civil Procedure 4, without payment of

13   costs by plaintiff.

14   5.  The failure to comply with this order may result in the dismissal of this action.

15   6.  Plaintiff's motion for law library access, ECF No. 39, is DENIED.

16   Further, it is RECOMMENDED that the claims against defendant Susan be dismissed

17   without prejudice as insufficiently related to the other claims in this action.

18   These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23   objections shall be served and filed within fourteen days after service of the objections.  The

24   parties are advised that failure to file objections within the specified time may waive the right to

25   appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

26   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

27

28

1

2   IT IS SO ORDERED.

3

4   Dated:      March 13, 2024
    JEREMY D. PETERSON
5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9     JONATHAN COLLIN AUTRY,                    Case No.  2:22-cv-00554-TLN-JDP (PC)

10                    Plaintiff,                NOTICE OF SUBMISSION OF
                                                DOCUMENTS
11            v.

12    SACRAMENTO COUNTY, et al.,

13                    Defendants.

14

15

16

17

18

19
              In accordance with the court's Screening Order, plaintiff must submit:
20
                      1          completed summons form
21
                      4          completed forms USM-285
22
                      5          copies of the December 28, 2023 complaint
23

24

25

26    _____
                                                       Plaintiff
27
      Dated:
28
                                          6