UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COLLIN AUTRY, | Case No. 2:22-cv-0554-TLN-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, *et al.*, | |
| Defendants. | |

Plaintiff has three pending motions. The first is a document in which he requests discovery from defendants. ECF No. 61. The second is a motion for additional law library access, ECF No. 64, and the third seeks the appointment of counsel, ECF No. 65. For the forgoing reasons, each motion is denied.

**Discovery Requests**

Discovery requests shall be filed with the court only if they are at issue. *See* E.D. Cal. L.R. 250.2-250.4. Currently, there is no court proceeding that requires review of plaintiff's discovery requests. To the extent that plaintiff intended to serve defendants with his discovery request by filing them with the court, that approach is improper. Plaintiff must serve his discovery requests on defendants. *See* Fed. R. Civ. P. 30-36. Accordingly, plaintiff's motion for discovery, ECF No. 61, is denied.

1

**Law Library Access**

Plaintiff argues that the law library at his institution will not grant him priority access until thirty days prior to a court deadline and that he is unable to afford the cost of copies or postage. ECF No. 64 at 1. At present, plaintiff's next deadline is May 29, 2025.[1] *See* ECF No. 58.

While "[p]risoners have a right to meaningful access to the courts, [] there is no absolute right to use a prison law library." *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Moreover, a plaintiff's status as pro se or as proceeding *in forma pauperis* does not warrant complimentary copies. *See Blair v. CDCR*, No. 1:14-cv-01156-LJO-SAB (PC), 2018 WL 1959532, at *6 n.2 (E.D. Cal. Apr. 25, 2018).

Plaintiff appears to have meaningful library access, albeit not the level of access he would prefer. Regarding plaintiff's upcoming deadlines, plaintiff may show this order to the appropriate officials at the prison to demonstrate that he is engaged in active litigation as a pro se litigant. Should plaintiff continue to have difficulty meaningfully accessing the law library, he may seek assistance from the court.

**Appointment of Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The

---

[1] The deadline for the completion of all discovery, including filing all motions to compel discovery, is May 29, 2025. If plaintiff seeks leave to amend the complaint, he must file any motion to amend no later than May 29, 2025. Dispositive motions shall be filed on or before October 2, 2025.

burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for discovery, ECF No. 61, is denied.
2. Plaintiff's motion for law library access, ECF No. 64, is denied.
3. Plaintiff's motion for the appointment of counsel, ECF No. 65, is denied.

IT IS SO ORDERED.

Dated:   January 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3