UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COLLIN AUTRY,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO COUNTY, *et al.*,<br><br>  Defendants. | Case No. 2:22-cv-0554-TLN-JDP (P)<br><br>ORDER |

Plaintiff, a state inmate proceeding pro se, brought this § 1983 action against defendants Babu, Kim, Abdalla, and Sacramento County, alleging that, during his stay at the Sacramento County Jail, defendants failed to provide him with adequate medical care and failed to comply with the Americans with Disabilities Act. ECF No. 34.

Now pending before the court are various discovery motions from all parties. Plaintiff moves to compel defendants to produce discovery and to modify the scheduling order, ECF No. 68, which defendants oppose, ECF No. 70. Plaintiff also makes certain requests for discovery. ECF Nos. 74, 75, 76, & 77. Meanwhile, defendants Sacramento County, Kim, and Abdalla move to compel plaintiff's responses to their interrogatories and requests for production, ECF No. 69, which plaintiff opposes, ECF No. 73. Defendant Babu also moves to compel plaintiff to provide

1

1  answers to his interrogatories. ECF No. 72. I will grant in part and deny in part plaintiff's
2  motion to compel and to modify the scheduling order and deny plaintiff's discovery motions. I
3  will also grant defendants' motions to compel.

**Plaintiff's Motions**

**I.     Motion to Compel & Modify the Scheduling Order**

Plaintiff moves to compel defendants to provide discovery. ECF No. 68. He asserts that he submitted discovery requests to defendants, but that defendants have not provided any discovery. *Id.* at 1. He also contends that his prison is tampering with his legal mail, and that, when he reviewed the mail logs, his discovery requests were not listed as having been sent. *Id.* at 2. He asks to "pause" discovery to allow this issue to be resolved. *Id.* at 3.

Defendants oppose plaintiff's motion to compel. ECF No. 70. They contend that they have received no discovery requests from plaintiff and note that plaintiff has provided no evidence indicating that he has served defendants. *Id.* at 2. Attorneys for defendants provided declarations averring that they have not received any discovery requests from plaintiff. ECF Nos. 70-1, 70-2. They also oppose plaintiff's request to "pause" discovery to the extent that plaintiff is requesting modification of the scheduling order. ECF No. 70 at 2.

I will deny plaintiff's motion to compel but grant plaintiff's motion to modify the scheduling order. As for the motion to compel, I cannot compel defendants to answer discovery requests that they have not received; I will deny the motion.

To the extent plaintiff seeks to modify the scheduling order, I will grant that request to allow plaintiff an opportunity to timely provide defendants with his discovery requests. A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

The current deadline to serve discovery requests is April 3, 2025, which has passed. ECF No. 58 at 4-5. The deadline to complete discovery, including filing motions to compel, is May

2

29, 2025. *Id.* at 4. I will extend the deadline to serve discovery requests by 30 days from the date of this order to allow plaintiff an opportunity to timely provide defendants his discovery requests. I will also extend the deadline for completion of all discovery, including the filing of motions to compel, by 30 days, extending the deadline to June 27, 2025. The deadline for filing all dispositive motions—October 2, 2025—remains unchanged.

## II.     Requests for Discovery

Plaintiff has filed many requests for discovery and requests for conferences with defense counsel. *See* ECF Nos. 74, 75, 76, & 77. As I previously informed plaintiff, *see* ECF No. 66, discovery requests shall be filed with the court only if they are at issue, *see* E.D. Cal. L.R. 250.2-250.4. Currently, there is no court proceeding that requires review of plaintiff's discovery requests, which are filed with the court and dated after the parties' motions to compel. To the extent that plaintiff intended to serve defendants with his discovery request by filing them with the court, that approach is improper. Plaintiff must serve his discovery requests on defendants. *See* Fed. R. Civ. P. 30-36. As such, I deny plaintiff's requests for discovery and for conferences with defense counsel.

### Defendants' Motions to Compel

Defendants move to compel plaintiff to answer their requests for production and their interrogatories. ECF Nos. 69, 72. First, defendants Sacramento County, Kim, and Abdalla move to compel plaintiff to provide responses to their requests for production and their interrogatories, noting that plaintiff has provided no responses to either. ECF No. 69 at 2. They state that they mailed plaintiff their discovery requests on December 6, 2024, and sent a meet-and-confer letter on January 17, 2025, asking plaintiff to provide answers and relevant documentation; they received no responses. ECF No. 69-1 at 2. They note that they asked plaintiff to provide discovery by January 27, 2025—beyond the Federal Rules of Civil Procedure deadline to respond to the requests—yet they received no answers. *Id.* at 2, 19.

In response, plaintiff does not indicate whether he has received defendants Sacramento County, Kim, and Abdalla's discovery requests. ECF No. 71 at 1. Instead, he requests that

3

1  defense counsel hold a private legal conference with him to allow him to answer interrogatories
2  and to ask his own questions. *Id.*

3  Defendants Sacramento County, Kim, and Abdalla reply, noting that plaintiff has not
4  explained why he cannot answer their discovery requests. ECF No. 73.

5  Defendant Babu also moves to compel plaintiff to provide responses to his requests for
6  production, interrogatories, and requests for admission. ECF No. 72. He states that he mailed
7  plaintiff his discovery requests on November 20, 2024, and sent a meet-and-confer letter on
8  March 12, 2025, asking plaintiff to provide answers and relevant documentation. ECF No. 72-1
9  at 2, ECF No. 72-2 at 2. He states that he has not yet received any discovery responses from
10 plaintiff. ECF No. 72-2 at 2. Plaintiff has not filed any opposition to Babu's motion to compel.

11 I will grant defendants' motions to compel. Under Federal Rule of Civil Procedure 37, "a
12 party seeking discovery may move for an order compelling an answer, designation, production, or
13 inspection." Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the initial
14 burden of establishing that its requests are relevant, *see* Fed. R. Civ. P. 26(b)(1), but "[t]he party
15 who resists discovery has the burden to show that discovery should not be allowed, and has the
16 burden of clarifying, explaining, and supporting its objections." *See Blemaster v. Sabo*, No. 2:16-
17 CV-04557 JWS, 2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017) (quoting *DIRECTV, Inc. v.*
18 *Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

19 Parties are obligated to respond to interrogatories to the fullest extent possible under oath.
20 Fed. R. Civ. P. 33(b)(3). A responding party is typically not required to conduct extensive
21 research in order to answer an interrogatory, but reasonable efforts to respond must be
22 undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D.
23 Cal. 2007). Further, the responding party has a duty to supplement any responses if the
24 information sought is later obtained or the response provided needs correction. Fed. R. Civ. P.
25 26(e)(1)(A).

26 Under Federal Rule of Civil Procedure 34, "[t]he party to whom [a request for production]
27 is directed must respond in writing within 30 days after being served." Fed. R. Civ. P.
28 34(b)(2)(A). In responding to a request to produce documents, the responding party "must either

4

1 state that inspection and related activities will be permitted as requested or state with specificity
2 the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

3   Based on the documents provided by all parties, plaintiff has been sent discovery requests,
4 but he has not responded to any of them. Plaintiff does not indicate that he has not received any
5 discovery requests, and instead requests that he be allowed to answer discovery via conference
6 call. These are discovery issues that should be addressed between parties before they are filed
7 with the court. While I appreciate plaintiff's pro se status, he "must follow the same rules of
8 procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987),
9 *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 869 (9th Cir. 2012) (en banc).
10 As such, I grant defendants' motions to compel plaintiff to provide responses to their discovery
11 requests. Plaintiff must respond to defendants' discovery requests within 30 days of this order.

**Conclusion**

13   Accordingly, it is ORDERED that:

14   1.   Plaintiff's motion to compel and to modify the scheduling order, ECF No. 68, is
15 DENIED in part and GRANTED in part. The parties have 30 days from the date of this order to
16 serve discovery requests. The deadline for completion of all discovery, including the filing of
17 motions to compel, is June 27, 2025. The deadline for filing all dispositive motions—October 2,
18 2025—remains unchanged.

19   2.   Plaintiff's motions for discovery and conferences with defense counsel, ECF Nos.
20 74, 75, 76, & 77, are DENIED.

21   3.   Defendants Sacramento County, Kim, and Abdalla's motion to compel, ECF No.
22 69, is GRANTED. Plaintiff must respond to defendants Sacramento County, Kim, and Abdalla's
23 discovery requests within 30 days of the date of this order.

24   4.   Defendant Babu's motion to compel, ECF No. 72, is GRANTED. Plaintiff must
25 respond to defendant Babu's discovery requests within 30 days of the date of this order.

26   5.   The Clerk of Court is directed to administratively terminate defendant Susan in
27 light of the court's April 11, 2024 order. *See* ECF No. 46.

28

IT IS SO ORDERED.

Dated:    April 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE