1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN COLLIN AUTRY,              Case No.  2:22-cv-0554-TLN-JDP (P)

12          Plaintiff,

13      v.                               ORDER; FINDINGS AND
                                          RECOMMENDATIONS
14   COUNTY OF SACRAMENTO, *et al.*,

15          Defendants.

16

17

18          Plaintiff brought this § 1983 action against defendants Babu, Kim, Abdalla, and

19   Sacramento County, alleging that, during his time at the Sacramento County Jail, defendants

20   failed to provide him with adequate medical care and failed to comply with the Americans with

21   Disabilities Act.  ECF No. 32.  The discovery deadline, including the filing of any motions to

22   compel, was set for June 27, 2025.[1]  ECF No. 80.  Pending are plaintiff's motions to extend that

23   deadline, ECF Nos. 83 & 88, to compel discovery, ECF Nos. 97, 98, & 99, to appoint counsel,

24   ECF Nos. 100 & 102, and for discovery on paper, ECF No. 89, and his requests for deposition

25   transcripts, ECF No. 90.  Defendants have filed a motion to dismiss, ECF No. 85, arguing that

26   terminating sanctions should be imposed because plaintiff has failed to respond to their

27

28   [1] The initial discovery deadline was May 29, 2025, *see* ECF No. 58, but it was later
     extended at the request of plaintiff, *see* ECF No. 80.

interrogatories, requests for production, and requests for admissions.  ECF No. 85-1 at 2.

Plaintiff's various discovery-related motions will be denied.  I will also deny defendants' motion

to dismiss without prejudice.  Plaintiff must fulfill his outstanding discovery obligations within

thirty days.  If he fails to do so, defendants may renew their motion.  In light of plaintiff's

difficulties with lockdown, I will extend the discovery window as follows: the parties shall have:

(1) thirty days from the date of this order in which to propound any additional discovery; (2) sixty

days from the date of this order to respond to that additional discovery; and (3) seventy-five days

from the date of this order to file any motion to compel.  I will set a new deadline for dispositive

motions once this new discovery period is closed and any associated motions to compel are

adjudicated.  This new schedule does not affect the requirement that plaintiff fulfill his

outstanding discovery obligations or the window in which defendants may renew their motion for

terminating sanctions.

Plaintiff's Motions

A. <u>Motions to Extend Discovery Deadline</u>

Plaintiff has filed two motions to extend discovery, one on June 20, 2025, before the

deadline expired, ECF No. 83, and one nearly a month after discovery ended, on July 7, 2025,

ECF No. 88.  In his first motion, he states that a lockdown at High Desert State Prison has

frustrated his ability to conduct discovery and that defendants have committed perjury in some

unspecified way.  ECF No. 83 at 2-4.  As stated above, I will extend discovery for a limited

period so that plaintiff may propound his desired discovery.  Accordingly, I will deny plaintiff's

motions for extension as moot.

B. <u>Motions to Compel</u>

In light of my decision to deny plaintiff's motions to extend discovery, I also deny his

motions to compel, ECF Nos. 97, 98, & 99.  These motions are little more than improperly filed

requests for production.  Plaintiff may submit his discovery requests in the new extended period.

C. <u>Requests for Transcripts</u>

Two of plaintiff's motions also seek deposition transcripts from the deposition conducted

2

1    by defendants.  ECF Nos. 90 & 97.[2]  Those requests are denied.  Copies may be obtained from the

2    reporter who took the deposition, at plaintiff's expense.  *See Spencer v. Lopez*, No. 1:20-cv-

3    01203-JLT-CDB (PC), 2022 U.S. Dist. LEXIS 203006, *5 (E.D. Cal. Nov. 4, 2022) ("A prisoner

4    proceeding *in forma pauperis* is not entitled to a free transcript of his deposition taken by

5    defendants in civil rights suit.").

6         D.   Motions for Counsel

7         Plaintiff has filed two motions seeking appointment of counsel.  ECF Nos. 100 & 102.  I

8    have already explained that plaintiff does not have a right to counsel in this case and that the court

9    appoints counsel in civil cases only in the exceptional circumstance where the claimant

10   demonstrates a likelihood of success on the merits, complex claims at issue, and an inability to

11   present his claims on his own.  ECF No. 11 at 2.  Plaintiff has not demonstrated that exceptional

12   circumstances warranting appointment of counsel exist.  These motions are denied.

13        E.   Motion for Discovery to be Produced on Paper

14        Plaintiff filed a motion asking that the discovery produced by defendants be delivered on

15   paper rather than a flash drive.  ECF No. 89.  Defendants indicate that they have done so.  ECF

16   No. 92 at 2.  The motion also contains numerous other discovery requests that appear to be made

17   for the first time in the motion.  ECF No. 89 at 3-6.  Those requests may now be made in the new

18   discovery period.

19                        Defendants' Motion to Dismiss

20        Defendants have filed a motion to dismiss, arguing that terminating sanctions are

21   appropriate because plaintiff has failed to respond to their interrogatories, requests for production,

22   and requests for admission that were propounded on November 20, 2024, and which were the

23   subject of a successful motion to compel.  ECF No. 85-1 at 2.  Terminating sanctions, however,

24   are inappropriate where the party against whom they are sought has not been warned that they

25   may issue.  *See Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004).

26   Accordingly, I will recommend that defendants' motion be denied without prejudice to renewal.

27

28        _____

          [2] The second motion requests copies of the transcripts at ECF No. 97 at 28.

1  This shall serve as plaintiff's warning that terminating sanctions may issue if he fails to fulfill his

2  discovery obligations.  All outstanding discovery that he owes to defendants must be submitted

3  within thirty days of the issuance of these recommendations.

4                                                  Conclusion

5            Accordingly, it is ORDERED that:

6    1.  Plaintiff's motions, ECF Nos. 83, 88, 89, 90, 97, 98, 99, 100, and 102, are DENIED.

7    2.  The discovery window is extended as follows: the parties shall have: (1) thirty days from

8  the date of this order in which to propound any additional discovery; (2) sixty days from the date

9  of this order to respond to that additional discovery; and (3) seventy-five days from the date of

10 this order to file any motion to compel.  I will set a new deadline for dispositive motions once this

11 new discovery period is closed and any associated motions to compel are adjudicated.

12           Further, it is RECOMMENDED that defendants' motion to dismiss, ECF No. 85, be

13 DENIED without prejudice to renewal.  Plaintiff must fulfill his outstanding discovery

14 obligations within thirty days of the issuance of these recommendations.

15           These findings and recommendations are submitted to the United States District Judge

16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

17 service of these findings and recommendations, any party may file written objections with the

18 court and serve a copy on all parties.  Any such document should be captioned "Objections to

19 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

20 within fourteen days of service of the objections.  The parties are advised that failure to file

21 objections within the specified time may waive the right to appeal the District Court's order.  *See*

22 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

23 1991).

24 IT IS SO ORDERED.

25

26 Dated:    September 23, 2025

27                                                            JEREMY D. PETERSON
                                                             UNITED STATES MAGISTRATE JUDGE
28

                                                   4