UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN COLLIN AUTRY, | Case No.  2:22-cv-0554-TLN-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, *et al.*, | |
| Defendants. | |

Plaintiff brought this § 1983 action against defendants Babu, Kim, Abdalla, and Sacramento County, alleging that during his time at the Sacramento County Jail, defendants failed to provide him with adequate medical care and failed to comply with the Americans with Disabilities Act.  ECF No. 32.  On September 23, 2025, I ordered that: (1) the deadline to propound additional discovery be extended to October 23, 2025; (2) the deadline to respond to any additional discovery be set for November 23, 2025; and the deadline for the filing of any motion to compel be set for December 8, 2025.  ECF No. 107.  Plaintiff has filed several discovery-related motions, and I will address them in the order that they were filed.

1

<u>Request for All Previous Discovery</u>

First, plaintiff has filed a request for all previous discovery, which he states is an "exact duplicate of all [his] . . . discovery requests[s] filed on [September 22, 2025]."  ECF No. 110 at 1. This motion, to the extent it actually requests any relief from the court, is denied.  Plaintiff is reminded that discovery requests should be served on the appropriate party and not filed with the court.

<u>Motion to Compel</u>

Plaintiff's first motion to compel, ECF No. 112, is inadequate insofar as it fails to specify what discovery items are at issue.  Instead of providing specifics, plaintiff alleges that he has mailed an indeterminate number of discovery requests to defendants' counsel, who has failed to respond.  *Id.* at 1.  Then plaintiff appends over three hundred pages of documents, including: documents related current prison conditions, *id.* at 3, discovery requests that defendants have propounded to him, *id.* at 7-11, and grievance and other administrative forms from the Sacramento County Sheriff's Department, *id.* at 172, 210.  Motions to compel must specify what discovery is outstanding.  *See Christ v. Blackwell*, No. CIV S-10-0760 EFB P, 2011 U.S. Dist. LEXIS 96954, *6 (E.D. Cal. Aug. 30, 2011) ("As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.").  Additionally, in their opposition, defendants note that the motion was premature at the time it was filed, ECF No. 114 at 2-3, insofar as the deadline for responding to discovery had not yet run.  Accordingly, this motion is denied.

<u>Motions to Appoint Counsel</u>

Plaintiff has filed two motions to appoint counsel, ECF Nos. 123 & 124, wherein he argues that his health issues and circumstances of incarceration make it impossible for him to litigate this case without appointment of counsel.  I have denied plaintiff's requests for counsel multiple times already in this case, ECF No. 11 at 2; ECF No. 107 at 3, and will deny these as well.  I am not unsympathetic to plaintiff's difficulties, but the reality is that volunteer counsel is

difficult to procure in this district, and, thus far, plaintiff has proven able to litigate his own claims. If plaintiff needs additional time to meet deadlines because of his health or penal circumstances, I will entertain reasonable requests for additional time.

Motions to Appoint Counsel and to Compel

In February 2026, plaintiff filed two motions that again sought appointment of counsel and, again, alleged that he had not received any responses to his discovery requests from defendants. The requests for appointment of counsel are denied for the same reasons stated above. And, as to the defendants' allegedly outstanding responses, defendants state that they served responses to discovery in November 2015. ECF No. 129 at 2; ECF No. 130 at 2. Defendants have attached their discovery responses to their oppositions. ECF No. 129-1 at 7; ECF No. 130-1 at 125. Accordingly, I decline to compel any new responses from defendants. Given plaintiff's alleged issues with legal mail, however, I will direct defendants to reserve their discovery responses on him and file proof of service with the court within fourteen days of this order's entry. I appreciate defense counsel's assistance in this matter.

Accordingly, it is ORDERED that:

1. Plaintiff's motions, ECF Nos. 110, 112, 123, 124, 128, & 131 are DENIED for the reasons stated in this order.

2. Within fourteen days of this order's entry, defendants shall reserve the discovery they have appended to their oppositions at ECF Nos. 129-1 & 130-1 on plaintiff. They shall file proof of service with the court after doing so.

IT IS SO ORDERED.

Dated:    March 9, 2026                          _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE